UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
EDUARDO ROLA,

                              PLAINTIFF,

    v.

NBC PHOTO INC., and,
FRIEDA GORAL,

                            DEFENDANTS.
---------------------------------------------------------------------x

Civil Action No.
20-cv-656

**COMPLAINT**

Plaintiff Demands
a Trial by Jury

Plaintiff EDUARDO ROLA ("Rola" or "Plaintiff"), by his attorneys, LEVINE & BLIT, PLLC, complaining of Defendants NBC PHOTO INC. ("NBC" or "defendant"), and FRIEDA GORAL ("Goral" or "defendant") (collectively "defendants") respectfully alleges upon information and belief:

## NATURE OF THE ACTION

1. This action is brought to remedy unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("Labor Law").

2. Defendants' actions were unlawful and Plaintiff seeks injunctive and declaratory relief, monetary, compensatory and punitive damages, liquidated damages, interest, attorneys' fees, and other appropriate legal and equitable relief pursuant to the FLSA and Labor Law, and such other further relief as this Court deems necessary and proper.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper under 28 U.S.C. §1331, because the matter in controversy is a civil action arising under the Constitution, laws or treaties of the United States.

4. Supplemental jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. §1367.

5. Venue of this action in the Eastern District of New York under 28 U.S.C. §1391 is appropriate as Defendants have their principle place of business within the district, and as the Eastern District is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

6. Plaintiff is an individual who resides in the county of Queens, New York.

7. Upon information and belief, defendant Goral is a New York resident, and is the owner and President of defendant NBC.

8. Defendant NBC is a domestic business corporation with a principle place of business in Queens County, New York.

10. At all times relevant to this action, Defendants were "employers" of Plaintiff within the meaning of the Labor Law§§ 190(3) and 651(6) and FLSA § 203(d).

11. Upon information and belief, at all times relevant to this action, defendant NBC has been enterprises engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C § 207(a) insofar that they: (1) have had employees engaged in commerce or in the production of goods for commerce, and handles, sells or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (2) have had annual gross volume of sales not less than $500,000; and plaintiff has been engaged in interstate commerce given his job duties which, among other things, includes the use of mechanisms of interstate commerce and as he routinely ships items between states.

12. At all time relevant to this action, defendant Goral held a supervisory position over the plaintiff and was in a position of authority to undertake or recommend, and did, in fact, undertake tangible employment decisions and/or control the terms and conditions of plaintiff's

[1]

employment, including plaintiff's compensation, with defendant Entities, as defendant Goral controlled plaintiff's rate of pay and hours worked.

13. At all times relevant to this action, plaintiff was an "employee" of defendants within the meaning of the Labor Law and FLSA, and entitled to protection. At all times relevant to this action, plaintiff performed services as employee for defendants in Queens, New York.

14. At all times relevant to this action, plaintiff had the skills, experience and qualifications necessary to work in his employment position for the Defendants.

## FACTUAL ALLEGATIONS

15. Plaintiff began his employment tenure with defendants in or about 2001, and has worked continuously for defendants until January, 2020.

16. Plaintiff was hired by Goral, who also set plaintiff's rates of pay and job duties from the beginning of plaintiff's employment tenure with defendants to present.

17. Plaintiff's job duties for defendants include but are not limited to manual work such as preparing items for shipping.

**Facts Related to Plaintiff's Unpaid Overtime Wages**

18. Plaintiff's pay rate with Defendants is currently $15.00 per hour, and has ranged from approximately $10.45 per hour to $17.40 per hour in the last six years

19. For the past six years, and even prior, plaintiff has worked approximately fifty-five (55) to sixty (60) hours per week for defendants, without lunch break, just about each work week, up to January. 2020.

20. For the past six years, and even prior, defendants have paid plaintiff his regular rate of pay for forty (40) hours per week only, despite the fact that he has worked approximately fifty-five (55) to sixty (60) hours per week for defendants.

21. For the past six years, and even prior, defendants have routinely denied plaintiff overtime wages of 1.5 times his regular rate of pay for each hour worked over forty (40) in a workweek, despite having knowledge that plaintiff worked well over forty (40) hours each workweek.

22. For example, for week ending 11/29/2019, plaintiff worked no less than fifty-eight (58) hours for defendants. Despite having knowledge that plaintiff worked this amount of hours, defendants only paid plaintiff for forty (40) hours of work that particular workweek, at his regular rate of pay of $17.40 per hour.

23. Defendants actions to deny plaintiff his unpaid overtime wages just about each and every work week was willful, and defendants made no good faith effort to comply with the laws governing unpaid overtime wages as defendants have been previously cited for violations of such laws but have continued the practices.

24. Accordingly, due to defendants' unlawful actions, plaintiff is owed by defendants 1.5 times his regular rate of pay for each hour worked over forty in a workweek during the statutory period, plus all statutory damages associated with these unpaid overtime wages.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS**

**(Unpaid Overtime Wages Under the FLSA)**

25. Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

26. At all times relevant to this action, Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207(a), and plaintiff was an employee who utilized the instrumentalities of interstate commerce and who participated in interstate commerce.

27. Throughout the statutory period, plaintiff worked no less than fifty-five (5) to sixty (60) hours per week for defendants, just about each and every workweek, as a non-exempt employee pursuant to the FLSA.

28. Defendants failed to pay Plaintiff overtime wages of 1.5 times his regular rate of pay for all hours worked in excess of forty in a workweek, throughout the statutory period, in violation of 29 U.S.C. § 207(a).

29. Defendants failure to pay overtime premiums was willful.

30. As a result of Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, and an equal amount representing the statutorily prescribed liquidated damages, as well as reasonable attorneys' fees and costs of this action, and interest, pursuant to the FLSA.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS

### (Unpaid Overtime Wages Under the Labor Law)

31. Plaintiff hereby repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of Labor Law §§ 2 and 651.

33. Throughout the statutory period, plaintiff worked no less than fifty-five (5) to sixty (60) hours per week for defendants, just about each and every workweek, as a non-exempt employee pursuant to the Labor Law.

34. Defendants failed to pay Plaintiff overtime wages of 1.5 times his regular rate of pay for all hours worked in excess of forty in a workweek, throughout the statutory period, in violation of the Labor Law.

[4]

35. Defendants failure to pay overtime premiums was willful.

36. As a result of Defendants' Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, and an equal amount representing the statutorily prescribed liquidated damages, as well as reasonable attorneys' fees and costs of this action, and interest, pursuant to Labor Law.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS

## (Violations of NYLL § 195(3))

37. Plaintiff hereby repeats, reiterates, and realleges each and every allegation set forth above as if more fully set forth herein.

38. Defendants have failed to furnish to Plaintiff accurate information required by NYLL § 195(3) at each payday, by falsely reporting plaintiff's hours worked on his weekly pay statements.

39. Defendants was aware or should have been aware of its statutory obligation to provide such information to Plaintiff.

40. Due to Defendants' violations of the Wage Theft Prevention Act (NYLL § 195(3)), Plaintiff is entitled to recover statutory damages from Defendant in the amount of $250.00 per workweek that the violation occurred, capped at $5,000.00, plus attorneys' fees and costs of this action.

## JURY DEMAND

Plaintiff respectfully requests a trial by Jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court enter an award:

(a) Declaring the acts and practices complained of herein are in violation of the FLSA

and New York Labor Law;

(b) Directing Defendants to pay Plaintiff his actual damages in an amount to be determined at trial for lost overtime wages, liquidated damages and interest, as provided by the FLSA and New York Labor Law;

(c) Directing Defendants to pay Plaintiff statutory damages in the amount of $250.00 per workweek that the violation occurred, capped at $5,000.00, plus attorneys' fees and costs of this action, for violations of NYLL § 195(3).

(d) Awarding Plaintiff reasonable attorneys' fees, together with the costs and disbursements of this action; and

(e) Such other and further relief as this Court deems just and equitable.

Dated: New York, New York
February 5, 2020

Respectfully Submitted,

LEVINE & BLIT, P.L.L.C.

By: RUSSELL MORIARTY, ESQ. (RM 0224)

Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, Suite 4020
New York, NY 10118
Phone: (212) 967-3000
Fax: (212) 967-3010

[6]